## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MALOTUTASI ETEUINI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> D.L. Rogers Corp. ) <br> ) <br> and ) <br> ) <br> DLR Restaurant Group, Inc. ) <br> ) <br> Defendants. ) <br> _____) | Case No. 09-CV-2649 JTM/DWB |

## **COMPLAINT**

The plaintiff, Malotutasi Eteuini, for his claims against the defendants, states and alleges the following:

### **JURISDICTION AND VENUE**

1.  This is an employment case based upon and arising under the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. §12101 *et seq.*

2.  This court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 29 U.S.C. § 1331, since these claims arise under federal statutory law.

3.  All of the unlawful acts and practices set forth below were committed in the State of Kansas, and venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

4.  Plaintiff timely filed with the Equal Employment Opportunity Commission ("EEOC") an administrative charge encompassing the wrongful acts alleged in this action. Plaintiff received a right-to-sue letter from the EEOC, and filed this action within 90 days of the receipt of that letter.

1

## PARTIES

5. Plaintiff, Malotutasi Eteuini, was formerly employed by D.L. Rogers, Corp., and DLR Restaurant Group, Inc. Plaintiff is a citizen and resident of the City of Manhattan, Riley County, Kansas.

6. Defendant D.L. Rogers, Corp., is a Texas corporation doing business in the state of Kansas. Defendant D.L. Rogers, Corp., may be served with process through its registered agent Corporation Service Company, 200 SW 30th Street, Topeka, Shawnee County, Kansas 66611.

7. Defendant DLR Restaurant Group, Inc., is a Delaware corporation doing business in the state of Kansas. Defendant DLR Restaurant Group, Inc., may be served with process through its registered agent Holman Hansen & Coleville, P.C., 10740 Nall Ave. Suite 200, Overland Park, Kansas 66211.

## FACTUAL ALLEGATIONS

8. Defendants own and operate a number of Sonic Drive-In Restaurants throughout the Midwest and South-Eastern United States.

9. In June of 1997 Defendants hired Plaintiff as a cook in their Manhattan, Kansas Sonic Drive-In Restaurant.

10. In February of 1998, Plaintiff was promoted to the position of Operating Partner of the Lumberton, North Carolina restaurant.

11. In June 2002, Plaintiff was transferred to Manhattan, Kansas, and became Operating Partner of Defendants' Sonic Drive-In Restaurant located in that city.

12. Plaintiff was a valuable employee of Defendants, earning nominations for Operator of the Year three times, and for the President's Award twice during his time as an Operator.

13. In 2005, Plaintiff began experiencing health problems, and in August 2006, Plaintiff was diagnosed with renal failure.

14. During the fall of 2006, Plaintiff sent a memo to James Junkin, president, Steve Hulce, Director of Operations for the Midwest Region, and Denny Powell, Plaintiff's Supervisor, indicating that he may need to consider taking disability benefits.

15. Shortly thereafter, Steve Hulce and Denny Powell met with Plaintiff to discuss Plaintiff's health and the operations of the Manhattan, Kansas Sonic Drive-In Restaurant. At this meeting Plaintiff asked about the possibility of receiving disability benefits, but received no response.

16. A few weeks later, Steve Hulce contacted Plaintiff to schedule a meeting regarding disability benefits. At this meeting Mr. Hulce provided Plaintiff the necessary paperwork to apply for disability benefits.

17. In 2007, the Manhattan, Kansas Sonic Drive-In Restaurant was performing quite well. Sales and profits were up, complaint calls were down, the store passed its health inspections, and in May of 2007, Plaintiff was notified that the Manhattan, Kansas Sonic Drive-In Restaurant received one of the top 300 Mystery Shopper Scores out of over 3,000 restaurants nationwide. During Plaintiff's time as Operator of the Manhattan, Kansas Sonic Drive-In Restaurant, the gross sales had grown from approximately $1.5 million annually to nearly $2.2 million annually.

18. In June 2007, Darrel Rogers, Chairman, and Chris Munoz, the new Director of Operations for the Midwest Region, visited the Manhattan, Kansas Sonic Drive-In Restaurant. Plaintiff and other employees were told at that time the store looked good.

19. A few days later an email was sent to Mr. Powell, indicating Mr. Rogers was unhappy with the appearance of the store, specifically citing displeasure with appearance of some outdoor tiling, and the landscaping around the restaurant.

20. On June 25, 2008, Mr. Junkin, Mr. Munoz, and Mr. Powell met Plaintiff at the Manhattan, Kansas Sonic Drive-In Restaurant. At that time Plaintiff was terminated. The ostensible business reason given for Plaintiff's termination was Mr. Rogers' opinion that the Manhattan, Kansas Sonic Drive-In Restaurant "did not look like a two million dollar store". However, decisions regarding capital improvements and landscaping to the restaurant were the responsibility of Plaintiff's supervisor. Plaintiff had previously made requests to his supervisor to have those items remedied.

## COUNT I - WRONGFUL DISCHARGE
## IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

21. Plaintiff incorporates by reference the above numbered paragraphs 1 through 20 as though fully set forth in Count I.

22. The ADA prohibits employers from discriminating against qualified individuals with a disability.

23. Plaintiff meets the definition of a person with an actual or perceived disability within the meaning of the ADA.

24. The plaintiff's disability was a motivating factor in Defendants' decision to terminate Plaintiff's employment.

25. As a result of Defendants' illegal and intentional misconduct, Plaintiff has suffered substantial economic losses, loss of enjoyment of life, anger, emotional distress, and mental anguish.

26. In discriminating against Plaintiff, Defendants acted with malice or with reckless indifference to Plaintiff's federally protected rights. Consequently, Defendants are liable for punitive damages.

WHEREFORE, plaintiff prays for judgment against defendant for damages in excess of $100,000.00, consisting of emotional distress, mental anguish, loss of enjoyment of life, back pay, front pay or reinstatement, punitive damages, attorney fees and litigation expenses and prejudgment interest.

### COUNT II - FAILURE TO ACCOMMODATE
### IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

27. Plaintiff incorporates by reference the above numbered paragraphs 1 through 26 as fully set forth in Count II.

28. Plaintiff meets the definition of a person with an actual or perceived disability within the meaning of the ADA.

29. Plaintiff was entitled to reasonable accommodations so that he could perform the essential functions of his position as Operating Partner of the Manhattan, Kansas Sonic Drive-In Restaurant.

30. Defendant failed to make reasonable accommodations to the actual or perceived disability of Plaintiff.

31. The reasonable job-related accommodations would not have imposed an undue hardship on the operations of Defendants.

32. Defendants discriminated against Plaintiff by refusing to grant him reasonable accommodations, in violation of the ADA.

33. As a result of defendants' illegal and intentional conduct, plaintiff has suffered serious economic losses, loss of enjoyment of life, anger and emotional pain and suffering.

WHEREFORE, plaintiff prays for judgment against defendant in excess of $100,000.00, consisting of back pay, reinstatement or front pay, prejudgment and post-judgment interest, compensatory damages, attorney fees, litigation expenses and such other and further relief as the Court deems just and proper.

SLOAN, EISENBARTH, GLASSMAN
McENTIRE & JARBOE, L.L.C.


BY: S/Michael S. Heptig
Alan V. Johnson, KS #9992
Christopher W. Sook, KS #20737
Michael S. Heptig, KS #23199
1000 Bank of America Tower
534 South Kansas Avenue
Topeka, Kansas 66603-3456
Attorneys for Plaintiff

## REQUEST FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. Pro. 38, the plaintiff requests a trial by jury on all claims triable to a jury.

                                                SLOAN, EISENBARTH, GLASSMAN
                                                McENTIRE & JARBOE, L.L.C.

BY:   S/Michael S. Heptig
        Alan V. Johnson, KS #9992
        Christopher W. Sook, KS #20737
        Michael S. Heptig, KS #23199
        1000 Bank of America Tower
        534 South Kansas Avenue
        Topeka, Kansas 66603-3456
        Attorneys for Plaintiff

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that Kansas City, Kansas, be designated as the place of trial in the above-captioned matter.

          SLOAN, EISENBARTH, GLASSMAN
            McENTIRE & JARBOE, L.L.C.

      BY: S/Michael S. Heptig
          Alan V. Johnson, KS #9992
          Christopher W. Sook, KS #20737
          Michael S. Heptig, KS #23199
          1000 Bank of America Tower
          534 South Kansas Avenue
          Topeka, Kansas 66603-3456
          Attorneys for Plaintiff